May Term,
1834.

THE STATE
v.
EVANS.

THE STATE, on the Relation of HOWE, Treasurer, *v.* EVANS and Others.

Debt on a collector's bond. Breaches assigned, that the collector had failed to pay over to the treasurer of the county the taxes assessed thereon, or to account to him for the same, in the manner provided by law. *Held*, on special demurrer, that the breaches were insufficient.

ERROR to the *Owen* Circuit Court.

M'KINNEY, J.—This is an action of debt brought against a collector of the state and county revenue, and his sureties, upon his official bond.    The bond has the following condition:—— "That the said *Andrew Evans*, jun. will well and truly discharge the duties of collector of the state and county revenue of the county of *Owen* and state of *Indiana*, for the year 1829, and pay over the same as by law required."

In the declaration, the plaintiff avers "that the said *Andrew Evans*, jun. has wholly failed to discharge his duty as such collector, that he has wholly failed and neglected to pay over the taxes assessed on the said county of *Owen* to the treasurer of said county, or to account therefor to the said treasurer, in the manner provided by law."    The plaintiff further avers the meeting of the assessors of the several townships of said county of *Owen*, at the office of the clerk of the Circuit Court, on the first Monday of *May*, 1829; that they compared and corrected their several assessment rolls, and on the same day delivered them to the clerk; that he filed the same in his office, and made out on the 10th day of *May*, 1829, a true transcript of said assessment rolls, and on the said day delivered the same with a precept in the name, &c. to said *Evans*, commanding, &c.

The defendants on *oyer* of the bond and condition demurred specially, alleging,—1. That the breaches are insufficiently set forth in this, that failing to pay over the taxes, or to account to the treasurer, in the manner provided by law, is too general. 2. The declaration should aver that the taxes were collected, to authorise the averment that they were not paid over. 3. The amount of the taxes collected and not paid over, is not set out. 4. The averment should be, that he failed to collect the taxes, or that he collected them and failed to pay them over.

*Monday,
June 2.*

The demurrer was sustained by the Circuit Court, and judgment rendered in favour of the defendants.

At the *May* term, 1831, this case was before us; the judgment was reversed, and the cause remanded with directions to the Circuit Court, to permit the plaintiff to withdraw his joinder in demurrer, and amend his declaration. In the opinion then delivered, it was said that the breach, "that the said *Andrew Evans,* jun. has wholly failed and neglected to discharge his duty as such collector," was insufficient; that instead of this general breach, the plaintiff should specify in what manner the defendant had neglected and failed. It was further said, that the breach "that the said *Andrew Evans,* jun. has wholly neglected and failed to pay over the taxes assessed on his said county," was also insufficient (1). These two breaches occur in the present declaration, and although to the second breach are superadded, after the word county, the following words—"of *Owen,* to the treasurer of said county, or to account therefor to said treasurer, in the manner provided by law;" yet it is thought that these words do not change the legal effect of the breach. This addition can only be considered as a consequence of law, for if he failed to pay over the taxes, the failure must have occurred in the non-payment to the treasurer of the county, as he is alone authorised to receive the money from the collector.

By the acts in force at the time the bond sued on was executed, the clerk of the Circuit Court was required to make out a complete duplicate or transcript of the assessment rolls, and deliver the same, together with a precept in the name of the state, tested by the clerk and under the seal of the Court, directed to the collector of the county, commanding him to collect the taxes, &c. and pay over the money collected by him, by virtue of the precept, as directed by law, and return such precept together with the transcript of the roll aforesaid, with an account of his acts thereon, to the said clerk on or before, &c. For failing to return the precept and duplicate, or making a false return, the collector is subject to a suit by the auditor of public accounts, or by the county treasurer, and the judgment upon a suit by either, shall be for the full amount of the taxes for the state and county revenue, as contained in the transcript of the assessment rolls, together with the commission, damages, costs, and charges, given by those acts. From these

<em>May Term,<br>1834.</em>

provisions, it would seem that the situation of the collector of the state and county revenue, was analogous to that of a sheriff, in whose hands had been placed an execution.

In a suit on a sheriff's bond by a plaintiff in an execution, to recover the amount of an execution collected by the sheriff, it is surely necessary to aver that the sheriff collected the amount of the execution. It is the fact of such collection, and the injury arising from its non-payment, that warrant the suit. If he has returned the execution without making the money, having used proper diligence, he is not so responsible. If he has failed to return it within the prescribed time, the amount of the execution, exclusive of the damages given by statute, determines the extent of his liability. If he has made a false return, appropriate averments, with testimony to sustain them, will secure redress.

We are of opinion that the objections were well taken to the declaration, and that the Circuit Court was correct in sustaining the demurrer.

*Per Curiam.*—The judgment is affirmed with costs.

*I. Naylor,* for the state.

*C. P. Hester,* for the defendants.

(1) *Evans et al.* v. *The State,* Vol. 2, of these Rep. 38